UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENE GATO, | Case No. 3:24-cv-00236-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

**I.   SUMMARY**

*Pro se* Petitioner Rene Gato has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, two motions for appointment of counsel, a motion for hearing, and a motion for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1 ("Petition"), 1-3, 1-4, 4 ("Amended Petition"), 5.) Because Gato also paid his filing fee (ECF No. 6), his motion for leave to proceed IFP is denied as moot. For the reasons discussed below, following a review of the Amended Petition under the Rules Governing Section 2254 Cases, this Court finds that the Amended Petition is second or successive, dismisses this action for a lack of jurisdiction, and denies the motions for appointment of counsel and for a hearing.

**II.   BACKGROUND**

Gato challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Rene Gato*, Case No. 03C191012-1.[1] On June 10, 2004, March 29, 2005, and April 18, 2005, the state court entered a judgment of conviction, amended judgment of conviction, and second-amended judgment of conviction, respectively, convicting Gato of burglary, first-degree murder with the use of

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts in this case.

a deadly weapon, and robbery with the use of a deadly weapon. Gato was sentenced to life without the possibility of parole. Gato appealed, and the Nevada Supreme Court affirmed on May 30, 2007.

On April 3, 2006, Gato filed his first state petition for a writ of habeas corpus. The state court denied Gato post-conviction relief on February 26, 2008. Gato filed his second state petition for a writ of habeas corpus on July 2, 2008. The state court denied Gato post-conviction relief for a second time on April 27, 2009. Gato appealed, and the Nevada Supreme Court affirmed on May 10, 2010.

On or about October 8, 2010, Gato initiated a federal habeas corpus proceeding in case number 2:10-cv-01748-JKD-RJJ,[2] challenging his April 18, 2005, second-amended state judgment of conviction. On September 8, 2011, United States District Judge Kent Dawson dismissed Gato's petition with prejudice as untimely, and judgment was entered. Gato appealed, and on February 17, 2012, the Court of Appeals for the Ninth Circuit denied Gato a certificate of appealability.

On September 1, 2022, Gato filed a motion to amend judgment in his state criminal case. The state court denied the motion on October 11, 2022. On March 7, 2024, Gato filed a motion for a new trial and/or to vacate his judgment of conviction. The state court denied the motion on April 2, 2024. Gato appealed, and it appears that Gato's opening brief is currently due before the Nevada Supreme Court on August 23, 2024.

Gato transmitted his instant Petition on or about June 10, 2024, and transmitted his Amended Petition on or about June 25, 2024. (ECF Nos. 1-1, 4.)

III. DISCUSSION

Under Habeas Rule 4, an assigned judge must examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)

---

[2]The Court takes judicial notice of the online docket records of this case.

(collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

"[A] federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 provides, in relevant part, that a claim presented in a second or successive federal petition that was not presented in a prior petition shall be dismissed unless:

> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive petition may be filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *See id.* § 2244(b)(3). The district court does not have jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889 F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first, rather than filing directly in the district court." *Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016) (citation omitted).

Because (1) Gato's Amended Petition challenges the same April 18, 2005, second-amended judgment of conviction that was challenged in case number 2:10-cv-01748-JKD-RJJ, (2) the petition filed in case number 2:10-cv-01748-JKD-RJJ was dismissed with prejudice, and (3) the claims in the Amended Petition are based on facts that had occurred by the time of the prior federal petition, Gato's Amended Petition is second or successive. And because Gato indicates that he has not received authorization from the Court of Appeals to file this second or successive petition (*see* ECF No. 4 at 2), this Court

dismisses the Amended Petition without prejudice for a lack of jurisdiction.[3] Since this Court lacks jurisdiction over this action, Gato's other motions are denied as moot.

### IV.  CONCLUSION

It is therefore ordered that the Amended Petition (ECF No. 4) is dismissed without prejudice for a lack of jurisdiction. A certificate of appealability is denied as reasonable jurists would not find the dismissal of the Amended Petition to be debatable or wrong.

It is further ordered that the motion for leave to proceed IFP (ECF No. 1) is denied as moot.

It is further ordered that the motions for appointment of counsel (ECF Nos. 1-3, 5) and motion for hearing (ECF No. 1-4) are denied as moot.

The Clerk of Court is further directed to (1) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[4] (2) provide the Nevada Attorney General with copies of the Amended Petition (ECF No. 4), this Order, and all other filings in this matter by regenerating the notices of electronic filing, (3) enter final judgment dismissing this action without prejudice, and (4) close this case.

DATED THIS 19th Day of July 2024

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]Gato also alleges that he is actually innocent. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Gato alleges that he is actually innocent because (1) his co-defendant, Robert Castro, confessed and plead guilty to the crimes charged on January 31, 2005, and (2) he was not in Nevada at the time the crimes were committed. (ECF No. 4 at 16-17.) These are not new pieces of evidence, so Gato has failed to demonstrate that he has a credible claim of actual innocence.

[4]No response is required from Respondents other than to respond to any orders of a reviewing court.